IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

| | |
|---|---|
| UNITED STATES OF AMERICA<br>AND THE STATE OF ILLINOIS,<br>*ex rel.* KATHERINE VERHULST,<br>       Plaintiffs,<br><br>v.<br><br>NORRIDGE GARDENS, et al.,<br>       Defendants.<br><br>UNITED STATES OF AMERICA,<br>       Plaintiff-Intervenor,<br><br>v.<br><br>NORRIDGE GARDENS, et al.,<br>       Defendants. | Case No. 14 C 2083<br><br>Magistrate Judge Jeffrey T. Gilbert |
| UNITED STATES OF AMERICA<br>AND THE STATE OF ILLINOIS,<br>*ex rel.* KATHERINE VERHULST,<br>       Plaintiffs,<br><br>v.<br><br>REX THERAPEUTICS, LLC AND<br>NORRIDGE GARDENS,<br>       Defendants.<br><br>UNITED STATES OF AMERICA<br>       Plaintiff-Intervenor,<br>v.<br><br>REX THERAPEUTICS, LLC. AND<br>NORRIDGE GARDENS,<br>       Defendants. | Case No. 17 C 6889<br><br>Magistrate Judge Jeffrey T. Gilbert |

**ORDER**

    Defendants' Motion to Compel [ECF No. 141, Case No. 14-cv-2083] is granted to the extent the Court orders Relator to produce to Defendants documents sufficient to show the dollar amount of the individual settlements concluded between Relator

and other settling defendants in Case No. 14-cv-2083, and the attorneys' fees paid individually by each of the other settling defendants in connection with those settlements. In all other respects, Defendants' Motion [ECF No. 141, Case No. 14-cv-2083] is denied.

## I.

The Court has reviewed all the case authority submitted by Defendants as well as by Relator. Relator is statutorily entitled to recover reasonable attorneys' fees and expenses from the settling defendants in Case No. 14-cv-2083, including from Defendant Norridge Gardens ("Norridge"), and Relator contends she also is entitled to recover her fees and expenses from Defendant Rex Therapeutics, LLC ("Rex") as a settling defendant in Case No. 17-cv-6889, all pursuant to the False Claims Act, 31 U.S.C. § 3730(D)(2). Defendants Norridge and Rex are the movants on the instant Motion [ECF No. 141, Case No. 14-cv-2083]. Relator is correct that all settling defendants in these *qui tam* cases can be held jointly and severally liable for all of Relator's attorneys' fees and expenses, *U.S. ex rel. Miller v. Holzman,* 575 F. Supp. 2d 2, 27 (D. D.C. 2008), *vacated in part, U.S. ex rel. Miller v. Bill Harbert Intern. Const., Inc.*, 786 F. Supp. 2d 110, 121-122 (D. D.C. 2011), absent a reason to depart from that formula, *U.S. ex rel. Greendyke v. CNOS, PC.*, 2007 WL 2908414, *6 (D. S.D. Sept 27, 2007). That does not mean, as Relator contends, that Defendants are precluded from arguing another method should be used to award Relator her attorneys' fees and expenses in this case. It does mean, however, that the Court would need a good reason to depart from the joint and several liability construct. *Id.*

Here, Defendants Norridge and Rex argue they only should be required to pay a portion of the fees Relator has not already recovered from other settling defendants, and they should not be held jointly and severally liable for all the attorneys' fees and expenses that Relator did not recover from those defendants. There is authority for the proposition that a court has discretion to apportion attorneys' fees in a *qui tam* case other than by automatically awarding a relator the total amount of her fees and expenses on a joint and several basis. *U.S. ex rel. Jacobs v. Patrol Services, Inc.*, 202 F. App'x 357, 362 (11th Cir. 2006); *U.S. ex rel. Wilson v. Graham City Soil & Water Conservation Dist.,* 2016 WL 3661785, at *8-9 (W.D. N.C. July 8, 2016). Ultimately, the question of what constitutes a reasonable fee in a *quit tam* case, and other cases that involve similar fee shifting provisions, is committed to the trial court's discretion. *Koster v. Perales,* 903 F.2d 131, 139 (2d Cir. 1990), *abrogated in part on other grounds*, *Buckhannon Bd and Care Home, Inc. v. W. Va. Dept of Health and Human Res.*, 532 U.S. 598 (2001).

Defendants Norridge and Rex argue here they only should be required to pay a portion of Relator's attorneys' fees measured by the amount these Defendants paid in settlement as a percentage of all the settlements Relator concluded with all settling named defendants in these cases. Defendants argue that is a fair apportionment formula because, among other reasons, they say the other settling defendants paid Relator's attorneys' fees based on that allocation formula in connection with their

2

settlements with Relator. Relator already apparently has provided Defendants with the total amount of her settlements with other defendants and the total amount of attorneys' fees those settling defendants paid (although Defendants say Relator has provided conflicting information about those other settlements), but she has not, as far as the Court can tell, broken down the amounts paid by other settling defendants individually. *See* Motion [ECF No. 141, Case No. 14-cv-2083] at 2-3; Exhibits H and Q to Defendant Norridge's settlement letter dated February 4, 2022 (submitted *in camera*). Relator argues what other settling defendants paid to Relator is irrelevant because Defendants Norridge and Rex are jointly and severally liable as a matter of law for all of Relator's yet unrecovered attorneys' fees and expenses regardless of what Relator agreed to accept from the other settling defendants.

The Court need not decide, and is not deciding now, whether information about the settlements Relator has entered with other defendants in this case ultimately is as legally relevant or probative of the issue that must be decided here – the amount of Relator's attorneys' fees and expenses to be paid by Defendants Norridge and Rex – as Defendants contend it is. In the Court's view, however, Defendants have at least a colorable argument that there are other methods to calculate the attorneys' fees they should pay in this case pursuant to 31 U.S.C. § 3730(D)(2) other than by holding them jointly and severally liable for all of Relator's yet unpaid attorneys' fees and expenses. Other courts have considered arguments about how recoverable attorneys' fees and expenses should be allocated among settling defendants in *qui tam* cases and rejected a relator's request to mechanically impose joint and several liability on a settling defendant. *U.S. ex rel. Jacobs v. Patrol Services, Inc.*, 202 F. App'x 357, 362 (11th Cir. 2006); *U.S. ex rel. Wilson v. Graham City Soil & Water Conservation Dist.*, 2016 WL 3661785, at *8-9 (W.D. N.C. July 8, 2016). *See also* <u>Connolly v. Nat'l Sch. Bus Serv., Inc.,</u> 177 F.3d 593, 597 (7th Cir. 1999) ("this Court has repeatedly rejected the contention that a district court should look to the percentage of the plaintiff's initial demand actually recovered through settlement or judgment and then mechanically reduce the attorney's fee award by a proportionate amount.").

The Court, therefore, disagrees with Relator to the extent she argues that a court has no discretion but to hold both Defendants jointly and severally liable for her unpaid attorneys' fees and expenses. The cases Relator cites, in the Court's view, do not establish such a bright line rule in all instances. *See, e.g., U.S. ex rel. Greendyke v. CNOS, PC.*, 2007 WL 2908414, *6 (D. S.D. Sept 27, 2007) (court entertained the defendants' arguments in favor of apportionment but ultimately rejected that argument because the defendants had not met their burden to show the relator's fee request based on joint and several liability was unreasonable); *United States v. Hughes,* 585 F. 2d 284, 286 n.2 (7th Cir. 1978) (issue in case was joint and several liability for the judgment on the merits entered by the district court, not liability for attorneys' fees).

Although Relator may not be strictly required to produce the information the Court is ordering her to produce under Local Rule 54.3, that information, in the Court's view, is relevant and proportional to the needs of this case within the meaning

of Federal Rule of Civil Procedure 26(b)(1) in the context of this settlement referral. The District Judge's referral order [ECF No. 134] references both settlement "and any discovery disputes related to the fee issue" which, in the Court's view, implicates not only Local Rule 54.3 but also Federal Rule of Civil Procedure 26(b)(1). Production of the information the Court is ordering Relator to produce may assist Defendants Norridge and Rex in making the arguments they want to make about what they contend is Relator's unreasonable and unfair demand for attorneys' fees. Further, that information also could be helpful to this Magistrate Judge in attempting to mediate the attorneys' fee dispute that has been referred to me – whether I agree with Defendants' arguments with respect to apportionment or not.

Finally, because Relator already appears to have disclosed to Defendants some information about other settlements and attorneys' fees paid in connection with those settlements including, apparently, the gross settlement and attorneys' fee amounts, the Court sees no prejudice to Relator in breaking down that information more specifically to the individual settlement amounts, including attorneys' fees, paid by each of the other settling defendants in Case No. 14-cv-2083. *See* Motion [141, Case No. 14-cv-2083] at 2-3. Although the other settlement and attorneys' fee payments are confidential, that does not mean they are not subject to production now (under an appropriate confidentiality order) if that information is relevant and proportional to the needs of the case, as it appears to be here. *See In re: Dealer Management Systems Antitrust Litigation,* MDL No. 2817, Case No. 18-cv-864, ECF No. 748 (N.D. Ill.) (discussing the framework to be used in deciding whether confidential settlement agreements should be disclosed to other parties in the same litigation.)

Accordingly, documents sufficient to show the dollar amount of the individual settlements entered between Relator and other settling defendants in this case and the attorneys' fees paid by each of those other settling defendants in Case No. 14-cv-2083 shall be produced to Defendants Norridge and Rex by Relator's counsel within 15 days of the date of this Order. To the extent those documents need to be produced pursuant to a confidentiality order, the parties should submit such an order to the Court for entry on the docket.

## II.

In this Court's view, however, the rest of the information Defendants are seeking with their Motion to Compel [ECF No. 141, Case No. 14-cv-2083] goes well-beyond the information Relator is required to produce pursuant to Local Rule 54.3, and it also is not necessary for Defendants to have that information to effectively challenge Relator's request for an award of attorneys' fees and expenses under applicable law. Further, even if the Court has the discretion to order Relator to produce more information than she is required to produce under the Local Rule in the context of this settlement referral, as discussed above, the other information Defendants are seeking is neither relevant nor proportional to the needs of this case for purposes of determining the attorneys' fees and expenses to which Relator is statutorily entitled, which is the sole remaining issue to be decided in the case.

4

>Defendants are seeking the following categories of information:
>
>"1. Documents accurately reflecting the agreed upon amount of attorney's fees for Relator's counsel in connection with each Defendant's settlement.
>
>2. Documents accurately reflecting the engagement agreement between Relator's counsel and Relator and all amendments thereto.
>
>3. Electronic copies, including the metadata, of each version of both (1) the complaints in the QTC Matter and the Rex Matter and (2) the disclosure statements provided to the government in both actions.
>
>4. Documents accurately reflecting cover letters and time sheets/billable hours or invoices transmitted to Relator preliminary to and during the course of the above-captioned matters."

Motion [ECF 141, Case No. 14-cv-2083] at 2.

In the Court's view, and in its discretion, aside from the information regarding other settlements Relator has concluded with other defendants in this case captured in paragraph 1 of the itemization quoted above and addressed in part I of this Order, Defendants can make all the arguments they want to make in opposing Relator's attorneys' fee and expense request without the additional documents they are seeking. The Court is not convinced that the additional information Defendants are seeking would materially assist them in making those arguments even if the Court ordered it produced.

For example, if, as Defendants argue, Relator's time sheets and billing records – which Defendants already have seen – are not sufficient to support her fee request, then Defendants can make whatever arguments they need to make to attack those records without the additional documents they are seeking such as, for example, metadata to show when and for how long Relator's counsel worked on a complaint or disclosure statement. In the end, it is Relator's burden to establish that her request for fees and expenses is reasonable. The Court also is not convinced that Defendants need or are entitled to Relator's engagement letter(s) with her attorneys to challenge the reasonableness of Relator's fee request here. *Neal v. Honeywell Inc.,* 191 F. 3d 827, 833 (7th Cir. 1999). And Defendants also do not need any of the additional information they are requesting to argue, as they do, that Rex did not pay any money to settle with Relator. There are plenty of other public and non-public documents to which Defendants already have access that they can use to make this argument.

Accordingly, for all these reasons, and in its discretion, the Court grants in part and denies in large part Defendants' Motion to Compel [141, Case No. 14-cv-2083].

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: July 18, 2022

6